B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Greenwood Publishing Group, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>N/A | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>06-1154537 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>N/A |
| Street Address of Debtor (No. and Street, City, and State):<br>361 Hanover St.<br>Portsmouth, New Hampshire<br>ZIP CODE 03801 | Street Address of Joint Debtor (No. and Street, City, and State):<br>N/A<br>ZIP CODE N/A |
| County of Residence or of the Principal Place of Business:<br>Rockingham County | County of Residence or of the Principal Place of Business:<br>NA |
| Mailing Address of Debtor (if different from street address):<br>N/A<br>ZIP CODE N/A | Mailing Address of Joint Debtor (if different from street address):<br>N/A<br>ZIP CODE N/A |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>N/A<br>ZIP CODE N/A | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☑ A plan is being filed with this petition.<br>☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☑ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☑ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Greenwood Publishing Group, Inc. |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: N/A | Case Number:<br>N/A | Date Filed: |
| Location<br>Where Filed: N/A | Case Number:<br>N/A | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>See Attachment 1 | Case Number: | Date Filed: |
| District:<br>Southern District of New York | Relationship:<br>Affiliate | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)        (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Greenwood Publishing Group, Inc. |
|---|---|
| *(This page must be completed and filed in every case.)* | |

**Signatures**

<table>
<tr>
<th>Signature(s) of Debtor(s) (Individual/Joint)</th>
<th>Signature of a Foreign Representative</th>
</tr>
<tr>
<td>

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

</td>
<td>

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

</td>
</tr>
<tr>
<th>Signature of Attorney*</th>
<th>Signature of Non-Attorney Bankruptcy Petition Preparer</th>
</tr>
<tr>
<td>

X   /s/ Jeffrey D. Saferstein
_____
Signature of Attorney for Debtor(s)
Jeffrey D. Saferstein
Printed Name of Attorney for Debtor(s)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Firm Name

1285 Avenue of the Americas
New York, NY 10019-60684
Address
(212) 373-3000
Telephone Number
05/21/2012
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td>

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

_____
Address

X _____
    Signature

_____
Date

</td>
</tr>
<tr>
<th>Signature of Debtor (Corporation/Partnership)</th>
<td rowspan="2">

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td>
</tr>
<tr>
<td>

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   /s/ William F. Bayers
_____
Signature of Authorized Individual
William F. Bayers
Printed Name of Authorized Individual
Executive Vice President & General Counsel
Title of Authorized Individual
05/21/2012
Date

</td>
</tr>
</table>

## Attachment 1 to Voluntary Petition

Greenwood Publishing Group, Inc. (the "Debtor"), a Delaware Corporation, and the following affiliates of the Debtor are concurrently filing voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York:

Houghton Mifflin Harcourt Publishing Company

Houghton Mifflin Harcourt Publishers Inc.

HMH Publishers, LLC

Houghton Mifflin Holding Company, Inc.

Houghton Mifflin, LLC

Houghton Mifflin Finance, Inc.

Houghton Mifflin Holdings, Inc.

HM Publishing Corp.

Riverdeep Inc., a Limited Liability Company

Broderbund LLC

RVDP, Inc.

HRW Distributors, Inc.

Classroom Connect, Inc.

ACHIEVE! Data Solutions, LLC

Steck-Vaughn Publishing LLC

HMH Supplemental Publishers Inc.

HMH Holdings (Delaware), Inc.

Sentry Realty Corporation

Houghton Mifflin Company International, Inc.

The Riverside Publishing Company

Classwell Learning Group Inc.

Cognitive Concepts, Inc.

Edusoft

Advanced Learning Centers, Inc.

**CORPORATIONS LISTED ON <u>SCHEDULE I</u>**
**UNANIMOUS WRITTEN CONSENT**
**IN LIEU OF MEETING OF THE BOARD OF DIRECTORS**

The undersigned, being all of the members of certain boards of directors (the "<u>Board of Directors</u>") of the corporations listed on <u>Schedule I</u> attached hereto (each such corporation individually referred to herein as the "<u>Company</u>"), hereby unanimously consent to the adoption of the resolutions attached as <u>Annex A</u> and <u>Annex B</u> hereto, taking or authorizing the actions specified therein, with the same force and effect as if duly approved and adopted at a duly constituted meeting of the Board of Directors of each Company duly called and held for the same purpose.

This consent may be executed in counterparts and all consents so executed shall constitute one consent, notwithstanding that all of the members of the Board of Directors are not signatories to the original on the same counterpart.

IN WITNESS WHEREOF, these resolutions have been adopted as of May

___, 2012.

_____
William F. Bayers

_____
Eric Shuman

_____
Linda Zecher

[Signature Page to Domestic Corporate Sub Guarantor Resolutions]

Schedule I

## Domestic Corporate Subsidiary Guarantors

| | |
|---|---|
| RVDP, Inc. | Delaware |
| Houghton Mifflin Holding Company, Inc. | Delaware |
| Houghton Mifflin Finance, Inc. | Delaware |
| HRW Distributors, Inc. | Delaware |
| Greenwood Publishing Group, Inc. | Delaware |
| Classroom Connect, Inc. | Delaware |
| HMH Supplemental Publishers Inc. | Delaware |
| Houghton Mifflin Holdings, Inc. | Delaware |
| HM Publishing Corp. | Delaware |
| Sentry Realty Corporation | Illinois |
| Houghton Mifflin Company International, Inc. | Massachusetts |
| The Riverside Publishing Company | Delaware |
| Classwell Learning Group Inc. | Delaware |
| Cognitive Concepts, Inc. | Illinois |
| Edusoft | California |
| Advanced Learning Centers, Inc. | Wyoming |

## RESOLUTIONS

RESOLVED, that it is desirable and in the best interests of the Company, its creditors and other interested parties that a voluntary petition (the "Petition") be filed by the Company under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and be it further

RESOLVED, that it is desirable and in the best interests of the Company, its creditors and other interested parties that a plan of reorganization in substantially the form attached hereto as Exhibit A (the "Plan") and a disclosure statement describing the terms and provisions of the Plan in substantially the form attached hereto as Exhibit B (the "Disclosure Statement") be filed in connection with the Petition by the Company under the Bankruptcy Code in the Bankruptcy Court; and be it further

RESOLVED, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition, the Plan and the Disclosure Statement, and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and be it further

RESOLVED, that any officer of the Company (the "Officers") be, and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, (ii) to file or cause to filed the Plan and the Disclosure Statement, and (iii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and be it further

RESOLVED, that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP be, and hereby is, authorized, empowered and directed to represent the Company as its counsel in connection with any case commenced by the Company under the Bankruptcy Code and all related matters; and be it further

RESOLVED, that Blackstone Advisory Services, LP be, and hereby is, authorized, empowered and directed to represent the Company as its financial advisor in connection with any case commenced by the Company under the Bankruptcy Code; and be it further

RESOLVED, that Kurtzman Carson Consultants, LLC be, and hereby is, authorized, empowered and directed to represent the Company as its notice, claims and balloting agent in connection with any case commenced by the Company under the Bankruptcy Code; and be it further

accountants and other professionals as appropriate in connection with any case commenced by the Company under the Bankruptcy Code; and be it further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Officers, each of the Officers be, and each of them acting alone hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees and expenses and other amounts payable by the Company with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as they or any of them may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purpose of the foregoing resolutions; and be it further

RESOLVED, that the Officers be, and each of them acting alone hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (ii) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and be it further

RESOLVED, that all actions heretofore taken by any officer or director of the Company in connection with the foregoing resolutions be, and they hereby are, confirmed, ratified and approved in all respects.

US1:7872270v6

## RESOLUTIONS

A.  Superpriority Senior Secured Debtor-In-Possession and Exit Term Loan Credit Agreement

RESOLVED, that the Company be, and hereby is, authorized to enter into that certain Superpriority Senior Secured Debtor-in-Possession and Exit Term Loan Credit Agreement and any amendments thereto (the "DIP Term Loan Credit Agreement"), by and among HMH Holdings (Delaware), Inc. ("Holdings"), Houghton Mifflin Harcourt Publishers Inc. ("HMHP"), HMH Publishers LLC ("Publishers") and Houghton Mifflin Harcourt Publishing Company ("HMCo", and together with HMHP and Publishers, the "Borrowers"), each of the financial institutions from time to time a party thereto (the " Term Loan Lenders"), each of the other subsidiary guarantors party thereto (the "Other Subsidiary Guarantors") and Citibank, N.A., as administrative agent (in such capacity, the "Term Loan Administrative Agent") and as Collateral Agent (in such capacity, the "Term Loan Collateral Agent"), providing for loans or other extensions of credit to be made to the Borrowers in an aggregate principal amount of up to $250,000,000 and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination;

B.  Superpriority Senior Secured Debtor-In-Possession and Exit Revolving Credit Agreement

RESOLVED, that the Company be, and hereby is, authorized to enter into that certain Superpriority Senior Secured Debtor-in-Possession and Exit Revolving Credit Agreement and any amendments thereto (the "DIP Revolving Credit Agreement" and together with the DIP Term Loan Credit Agreement, the "Credit Agreements"), by and among Holdings, the Borrowers, each of the financial institutions from time to time a party thereto (the "Revolving Loan Lenders"), the Other Subsidiary Guarantors and Citibank, N.A., as administrative agent (in such capacity, the "Revolver Administrative Agent", and together with the Term Loan Administrative Agent, the "Administrative Agents") and as collateral agent (in such capacity, the "Revolver Collateral Agent", and together with the Term Loan Collateral Agent, the "Collateral Agents"), providing for loans or other extensions of credit to be made to the Borrowers in an aggregate principal amount of up to $250,000,000 and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination;

C.  Subsidiary Guarantee

RESOLVED, that to induce the Lenders under the Credit Agreements to make loans or other extensions of credit to the Borrowers, the Company be, and it hereby is, authorized (i) to guarantee the payment and performance of the obligations, liabilities and indebtedness of HMH Holdings (Delaware), Inc. ("Holdings"), the Borrowers and the Borrowers' subsidiaries arising under, out of or in connection with the Credit Agreements and (ii) in furtherance of the foregoing, to enter into such guarantee or other

agreements as the Administrative Agents or the Collateral Agents may require on such terms and conditions and in such form as are approved or deemed necessary, appropriate or desirable by the officer executing the same (the "Subsidiary Guarantees"), the execution thereof by such officer to be conclusive evidence of such approval and determination;

D.    Intercreditor Agreements

RESOLVED, that the Company be, and it hereby is, authorized to enter into or cause to be entered into one or more intercreditor agreements among the Administrative Agents and the Collateral Agents (and if required by such Agents, the Company, the Borrowers and the Subsidiary Guarantors), having such terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same (collectively, the "Intercreditor Agreements"), the execution thereof by such office to be conclusive evidence of such approval or determination;

E.    Security Interests

RESOLVED, that the Company be, and it hereby is, authorized to secure the payment and performance obligations of the Company under the Subsidiary Guarantees by (i) pledging to the Collateral Agents or granting to the Collateral Agents a lien or mortgage on or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock and membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired and (ii) entering into or causing to be entered into such security agreements, pledge agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same (collectively, the "Security Agreements"), the execution thereof by such officer to be conclusive evidence of such approval or determination;

F.    General

RESOLVED, that any officer of the Company be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, to execute and deliver the Credit Agreements, the Subsidiary Guarantees, the Intercreditor Agreements and the Security Agreements (collectively, the "Principal Agreements") and any other agreements or amendments related thereto or required thereby containing such terms and conditions, setting forth such rights and obligations and otherwise addressing or dealing with such subjects or matters determined to be necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such determination, and to do all such other acts or deeds as are or as are deemed by such officer to be necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and the foregoing resolutions;

FURTHER RESOLVED, that the Company be, and it hereby is, authorized to perform fully its obligations under the Principal Agreements and any such other agreements or amendments and to engage without limitation in such other

transactions, arrangements or activities (collectively, the "Activities") as are reasonably related or incident to or which will serve to facilitate or enhance for the benefit of Holdings and its subsidiaries the transactions contemplated by these resolutions, including without limitation any modification, extension or expansion (collectively, the "Changes") of any of the Activities or of any other transactions, arrangements or activities resulting from any of the Changes and to enter into such other agreements or understandings as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and each of the foregoing resolutions;

FURTHER RESOLVED, that all actions previously taken by any director, officer, employee or agent of the Company in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

FURTHER RESOLVED, that in connection with the transactions contemplated by the preceding resolutions, any officer of the Company be, and each of them individually hereby is, authorized in the name and on behalf of the Company, to certify any more formal or detailed resolutions as such officer may deem necessary, appropriate or desirable to effectuate the intent of the foregoing resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Board of Directors, the Board of Managers or the Member (as applicable) as if set forth at length herein.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                      ) Chapter 11
                                                            )
GREENWOOD PUBLISHING GROUP, INC., *et al.,*[1]  ) Case No. 12-___ (___)
                                                            )
                                      Debtors.              ) Joint Administration Pending
                                                            )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSOLIDATED LIST OF CREDITORS HOLDING
## 20 LARGEST UNSECURED CLAIMS

        The above captioned debtors and debtors in possession, (collectively, the

"Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the

United States Code. The following is the consolidated list of the Debtors' creditors

holding the 20 largest noncontingent unsecured claims (the "Consolidated List"), based

on the Debtors' books and records as of approximately May 18, 2012. The Consolidated

List is prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy

Procedure for filing in these chapter 11 cases. The Consolidated List does not include

any (a) persons who come within the definition of "insider" set forth in 11 U.S.C. §

101(31) or (b) secured creditors. None of these creditors are minor children. The

information contained herein shall neither constitute an admission of liability by, nor is it

binding on, the Debtors. The information herein, including the failure of the Debtors to

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Houghton Mifflin Harcourt Publishing Company (6030), Houghton Mifflin Harcourt Publishers Inc. (7305), HMH Publishers, LLC (7173), Houghton Mifflin Holding Company, Inc. (2898), Houghton Mifflin, LLC (2961), Houghton Mifflin Finance, Inc. (2812), Houghton Mifflin Holdings, Inc. (0674), HM Publishing Corp. (5843), Riverdeep Inc., a Limited Liability Company (9612), Broderbund LLC (6113), RVDP, Inc. (2557), HRW Distributors, Inc. (4902), Greenwood Publishing Group, Inc. (4537), Classroom Connect, Inc. (3282), ACHIEVE! Data Solutions, LLC (7499), Steck-Vaughn Publishing LLC (6929), HMH Supplemental Publishers Inc. (7571), HMH Holdings (Delaware), Inc. (6372), Sentry Realty Corporation (6742), Houghton Mifflin Company International, Inc. (9100), The Riverside Publishing Company (0173), Classwell Learning Group Inc. (9252), Cognitive Concepts, Inc. (5986), Edusoft (9992), and Advanced Learning Centers, Inc. (2861).

list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the

Debtors' right to contest the validity, priority or amount of any claim.

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor | Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (e.g., trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, subject to setoff | Amount of Claim (if secured also state value of security)[2] |
| RRD-Receivables Inc. | Kristen Polewski P.O. Box 13654 Newark, NJ 01788-3654 630-322-6586 | Trade Debt | Unliquidated | $20,298,620 |
| WL-Williams Lea Inc. | Matt Alcorn 1 Dag Hammarskjold Plaza 8th Floor New York, NY 10017 212-351-9119 | Trade Debt | Unliquidated | $20,960,119 |
| Marshall Cavendish International (s) PTE | Joy Tan Times Centre 1 New Industrial Road Singapore 536196 joytan@sg.marshallcavendish.com | Trade Debt | Unliquidated | $6,739,080 |
| RRD-Asia Printing Solutions | Eileen R. Ly 3 On Yiu Street Shek Mun, NT Hong Kong 781-505-6006 | Trade Debt | Unliquidated | $5,615,703 |
| Kue Digital Inc, DBA Global Scholar | Kal Raman 1100 112th Avenue NE Suite 100 South Building Bellevue, WA  98004 425-646-5776 | Production Vendor | Unliquidated | $4,500,000 |

---

[2] The information contained herein is based on the best information available to the Debtor as of May 18, 2012.  The information herein shall not constitute an admission of liability by, nor is it binding upon, the Debtor.

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor* | *Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (e.g., trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, subject to setoff* | *Amount of Claim (if secured also state value of security)[2]* |
| Bulkley Dunton Publishing Group | Tony V. Occhiuto P.O. Box 403565 Atlanta, GA 30384-3656 212-863-1835 | Trade Debt | Unliquidated | $4,068,807 |
| Cengage Learning | Christine Vitanopoulos 5191 Natorp Blvd. Mason, OH 45040 613-9685-4195 | Trade Debt | Unliquidated | $3,326,774 |
| Central National-Gottesman Inc. (Lindenmeyr) | Steven Wright 990 Washington Street Dedham, MA 02026 781-3262121 | Manufacturing / Paper Supplier | Unliquidated | $2,562,186 |
| Cognizant Technology Solutions | Badri Ramanujachari 500 Frank W Burr Blvd Teaneck, NJ 07666 201-923-2445 | Third Party IT Supplier | Unliquidated | $2,090,609 |
| American Express | Donna Janeczko P.O. Box 410406 Salt lake City, UT 84141 518-207-6860 | Trade Debt | Unliquidated | $1,700,639 |
| ADP National Account Service | Gayle Kuhr 99 Jefferson Rd Parsippany, NJ 07054 (801) 956-7656 | Services Vendor | Unliquidated | $1,632,632 |
| Trendset Inc. | Deanna Moore 4 Interchange Blvd. Greenville, SC 29607-5700 864-527-4383 | Transportation | Unliquidated | $1,557,715 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor* | *Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (e.g., trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, subject to setoff* | *Amount of Claim (if secured also state value of security)[2]* |
| Phoenix Color Corp. | Jennifer Dick 11631 Caroline Road Philadelphia, PA 19154 800-632-411 x2507 | Trade Debt | Unliquidated | $1,548,153 |
| Texas Education Agency | Robert Scott 1701 N Congress Ave Austin, TX  78701 512-463-9734 | Trade Debt | Unliquidated | $1,216,311 |
| APC Workforce Solutions LLC | Jinnene Marin 420 S. Orange Avenue Suite 600 Orlando, FL 32801-4902 407-770-6176 | Temporary Staffing | Unliquidated | $906,200 |
| McKinsey & Company Inc. | William Wolf P.O. Box 7247-7255 Philadelphia, PA 19170-7255 202-662-0939 | Consulting | Unliquidated | $897,000 |
| Penguin Group USA | Laura Ceminaro 1 Lake St. Upper Saddle River, NJ 07458 212-366-2000 | Trade Debt | Unliquidated | $774,992 |
| Laserwood Private Limited | Mark O'Brien P.O. Box 2865 Buffalo, NY 14209 508-520-0262 | Production Vendor | Unliquidated | $665,081 |
| Six Red Marbles | Katie Turcot P.O. Box 37038 Baltimore, MD 21208 857-362-0018 | Production Vendor | Unliquidated | $446,696 |
| Edu 2000 America, Inc. | Rob Fiance 5743 Corsa Ave Suite 222 Ventura, CA  91362 818-516-2178 | Trade Debt | Unliquidated | $327,495 |

## DECLARATION UNDER PENALTY OF PERJURY:

I, the undersigned authorized officer of Houghton Mifflin Harcourt

Publishing Company, on behalf of the Debtors, declare under penalty of perjury that I

have read the foregoing Consolidated List of Creditors Holding the 20 Largest Unsecured

Claims and that the list is true and correct to the best of my information and belief.


Dated: May 21, 2012
         New York, New York


                                        /s/ William F. Bayers
                                        William F. Bayers
                                        Executive Vice President & General
                                        Counsel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                    :    Chapter 11
                                                          :
GREENWOOD PUBLISHING GROUP, INC., *et al.*,[1]  :    Case No. 12-___ (___)
                                                          :
                                        Debtor.           :    Joint Administration Pending
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of

Bankruptcy Procedure, the undersigned proposed counsel for Greenwood Publishing

Group, Inc., certifies as follows:

HMH Publishers LLC directly owns 100% of the equity interests in

Greenwood Publishing Group, Inc.

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are Houghton Mifflin Harcourt Publishing Company (6030), Houghton Mifflin Harcourt
Publishers Inc. (7305), HMH Publishers, LLC (7173), Houghton Mifflin Holding Company, Inc.
(2898), Houghton Mifflin, LLC (2961), Houghton Mifflin Finance, Inc. (2812), Houghton Mifflin
Holdings, Inc. (0674), HM Publishing Corp. (5843), Riverdeep Inc., a Limited Liability Company
(9612), Broderbund LLC (6113), RVDP, Inc. (2557), HRW Distributors, Inc. (4902), Greenwood
Publishing Group, Inc. (4537), Classroom Connect, Inc. (3282), ACHIEVE! Data Solutions, LLC
(7499), Steck-Vaughn Publishing LLC (6929), HMH Supplemental Publishers Inc. (7571), HMH
Holdings (Delaware), Inc. (6372), Sentry Realty Corporation (6742), Houghton Mifflin Company
International, Inc. (9100), The Riverside Publishing Company (0173), Classwell Learning Group Inc.
(9252), Cognitive Concepts, Inc. (5986), Edusoft (9992), and Advanced Learning Centers, Inc. (2861).

Greenwood Publishing Group, Inc. does not own an equity interest in any

entity.

Dated: May 21, 2012
      New York, New York

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

By: /s/ Jeffrey D. Saferstein

Alan W. Kornberg
(akornberg@paulweiss.com)
Jeffrey D. Saferstein
(jsaferstein@paulweiss.com)
Philip A. Weintraub
(pweintraub@paulweiss.com)
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

Proposed Counsel to the Debtors and Debtors-in-
Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                              ) Chapter 11
                                                    )
GREENWOOD PUBLISHING GROUP, INC., *et al.*,[1]  ) Case No. 12-____ (___)
                                                    )
                              Debtors.              ) Joint Administration Pending
                                                    )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### LIST OF EQUITY SECURITY HOLDERS PURSUANT TO RULE 1007(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

I, William F. Bayers, Executive Vice President and General Counsel of

Houghton Mifflin Harcourt Publishing Company, on behalf of all the debtors, declare

under the penalty of perjury that I have read the list of equity holders of HMH Holdings

(Delaware), Inc., attached hereto as **Schedule 1** and that it is true and correct to the best

of my knowledge, information, and belief.

Dated: May 21, 2012
       New York, New York

                                   /s/ William F. Bayers
                                   William F. Bayers
                                   Executive Vice President & General
                                   Counsel

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Houghton Mifflin Harcourt Publishing Company (6030), Houghton Mifflin Harcourt Publishers Inc. (7305), HMH Publishers, LLC (7173), Houghton Mifflin Holding Company, Inc. (2898), Houghton Mifflin, LLC (2961), Houghton Mifflin Finance, Inc. (2812), Houghton Mifflin Holdings, Inc. (0674), HM Publishing Corp. (5843), Riverdeep Inc., a Limited Liability Company (9612), Broderbund LLC (6113), RVDP, Inc. (2557), HRW Distributors, Inc. (4902), Greenwood Publishing Group, Inc. (4537), Classroom Connect, Inc. (3282), ACHIEVE! Data Solutions, LLC (7499), Steck-Vaughn Publishing LLC (6929), HMH Supplemental Publishers Inc. (7571), HMH Holdings (Delaware), Inc. (6372), Sentry Realty Corporation (6742), Houghton Mifflin Company International, Inc. (9100), The Riverside Publishing Company (0173), Classwell Learning Group Inc. (9252), Cognitive Concepts, Inc. (5986), Edusoft (9992), and Advanced Learning Centers, Inc. (2861).

## Schedule 1

### Holders of Equity Securities of HMH Holdings (Delaware), Inc.

There are a total of 283,636,235 shares of common stock of HMH Holdings (Delaware), Inc. which are privately held by a diverse group of financial institutions and funds.